UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILSHIRE INSURANCE COMPANY,**

        **Plaintiff,**

v.                                            Case No.  6:23-cv-426-CEM-LHP

**AIRPORT RESTAURANT, LLC
and MARLON BATES,**

        **Defendants.**
_____/

**ORDER**

      THIS CAUSE is before the Court upon *sua sponte* review of Plaintiff's Complaint (Doc. 1), Defendant Airport Restaurant LLC's ("Airport Restaurant") Amended Answer (Doc. 42), and Defendant Marlon Bates' Answer and Counterclaim (Doc. 30). The Court held a Telephonic Status Conference on October 31, 2023 ("Status Conference"). (Min. Entry, Doc. 45, at 1).

      Plaintiff's Complaint alleges that Airport Restaurant "is a restaurant and bar" where "Bates was a patron" and "got into a physical altercation with another group of patrons" that resulted in injury to Bates. (Doc. 1 at 2). Bates sued Airport Restaurant in state court, alleging that it "fail[ed] to protect him from reasonably foreseeable criminal attacks." (*Id.* at 3). Airport Restaurant had an insurance policy

issued by Plaintiff, (*see generally* Insurance Policy, Doc. 1-3), so Plaintiff defended Airport Restaurant in the state court lawsuit. (Doc. 1 at 3). That litigation resulted in a jury verdict and final judgment against Airport Restaurant in the amount of $321,162.53. (*Id.*; State Court Final Judgment, Doc. 1-2, at 2).

Plaintiff filed suit in this court, requesting a declaratory judgment. (Doc. 1 at 7). Specifically, Plaintiff asserts that the insurance policy it issued to Airport Restaurant contained "an Assault and Battery Exclusion," which "excludes coverage for any claim involving an assault or battery." (*Id.* at 3; Doc. 1-3 at 10). The policy then "restores coverage for an assault and battery, but only on a sub-limited basis." (Doc. 1 at 3; Doc. 1-3 at 11–12). That is, the policy limits coverage for assault and battery to $100,000 per incident and an aggregate limit of $100,000. (Doc. 1 at 4). Plaintiff's Complaint alleges that the Assault and Battery Endorsement applies to the Final Judgment. (*Id.* at 7). Thus, Plaintiff seeks a declaration to this effect. (*Id.*).

Upon review of Defendants' Answers, it is clear that Defendants agree that the Assault and Battery Endorsement applies. (*Compare* Doc. 1 ¶ 30, 31 *with* Doc. 30 ¶ 30, 31; Doc. 42 ¶ 30, 31). As a result, the Court became concerned that it may not have jurisdiction to hear the instant controversy because it is moot. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997))). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). Even "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Najjar*, 273 F.3d at 1336 (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)); *id.* ("[D]ismissal is required because mootness is jurisdictional.").

Additionally, "the Declaratory Judgment Act . . . does not broaden federal jurisdiction." *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987), *abrogated on other grounds by King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991). Indeed, Congress explicitly "limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of" the Article III limitations on federal judicial power. *Atlanta Gas Light Co. v. Aetna Cas.*

*& Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quotation omitted). Accordingly, if a declaratory judgment action fails to meet the Article III case and controversy requirement, it must be dismissed for want of jurisdiction.[1] *See Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

At the Status Conference, Defendants both confirmed the information set forth in their Answers and agreed that the Assault and Battery Endorsement applies. In response, Plaintiff conceded, somewhat reluctantly, that if Defendants stipulated to such, then no controversy exists here. Therefore, the case and controversy presented in the Complaint is moot, and it will be dismissed for lack of subject matter jurisdiction.

This leaves the issue of Bates' Counterclaim, which asserts a single claim of bad faith. (Doc. 30 at 8–11). "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009). "[A] cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance

---

[1] Additionally, despite Plaintiff's contention to the contrary at the Status Conference, it does not have a "right" to a declaratory judgment, and district courts have the discretion to abstain from exercising jurisdiction over such a claim. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) ("The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995))).

contract." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *see also Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) ("Under ordinary circumstances, a third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured's liability carrier."). Thus, a claim for bad faith requires: (1) a determination of liability and (2) a judgment awarding damages in excess of the policy limits.

Based on the parties' representations at the Status Conference, the underlying state court excess judgment has been appealed, so it is not yet a final judgment. Accordingly, Bates' bad faith counterclaim is not ripe, and this Court lacks jurisdiction over it. *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2015 U.S. Dist. LEXIS 11124, at *11–13 (M.D. Fla. Jan. 30, 2015); *Gen. Accident Ins. Co. v. Shah*, No. 6:00-CV-489-ORL28KRS, 2001 WL 273244, at *3 (M.D. Fla. Jan. 23, 2001). Therefore, Bates' Counterclaim will also be dismissed for lack of subject matter jurisdiction. *See also Dove v. USAA Cas. Ins. Co.*, No. 2:21-cv-205-JLB-NPM, 2021 U.S. Dist. LEXIS 95568, at *3 (M.D. Fla. May 20, 2021) (discussing the "tremendous waste of both the parties' and the Court's resources" caused by allowing the litigation of an unripe bad faith claim).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED for lack of subject matter jurisdiction.**

2. Defendant Marlon Bates' Counterclaim (Doc. 30 at 5–11) is **DISMISSED for lack of subject matter jurisdiction.**

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record