# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILSHIRE INSURANCE COMPANY,

        Plaintiff,

v.                                  Case No:   6:23-cv-426-CEM-LHP

AIRPORT RESTAURANT, LLC and
MARLON BATES,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **WILSHIRE INSURANCE COMPANY'S MOTION TO COMPEL AIRPORT RESTAURANT, LLC'S CORPORATE REPRESENTATIVE DEPOSITION** (Doc. No. 63)
>
> **FILED:**     **October 8, 2024**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

On October 8, 2024, Plaintiff/Counter-Defendant Wilshire Insurance Company ("Wilshire") moved for an order compelling non-party Airport Restaurant, LLC ("ARL") to produce a corporate representative to appear for

deposition under Federal Rule of Civil Procedure 30(b)(6) by the November 15, 2024 discovery deadline.   Doc. No. 63;[1] *see also* Doc. Nos. 27, 61.   On October 16, 2024, the Court ordered supplemental briefing from Wilshire as to whether Federal Rules of Civil Procedure 30 or 45 applied to Wilshire's efforts to compel non-party ARL's corporate representative deposition.   Doc. No. 64.   The Court also provided ARL and Defendant/Counter-Plaintiff Marlon Bates ("Bates") an opportunity to file a response to Wilshire's motion and supplemental briefing.   *Id.*

Wilshire timely-filed its supplemental brief.   Doc. No. 65.   While devoting the majority of its brief to asserting various difficulties in obtaining discovery from ARL — to include assertions that ARL and its counsel have been uncooperative — Wilshire ultimately admits that it has now issued a subpoena under Rule 45 for the deposition of ARL's corporate representative.   Doc. No. 65, at 9–10.   And in its timely-filed response, ARL, while also casting aspersions at Wilshire and its counsel to include allegations of violations of the Florida Bar Rules of Professional Responsibility, ultimately concedes that ARL will comply with Wilshire's now-issued subpoena and will appear for deposition on October 31, 2024.   Doc. No. 68,

---

[1] ARL was previously a party to the case, but has since been dismissed.   *See* Doc. Nos. 47, 50.

at 6-7.[2]   Based on these representations — namely that Wilshire has issued a subpoena and ARL agrees to comply with same — the Court finds that the issues raised in Wilshire's motion are now resolved. Accordingly, Wilshire's motion to compel (Doc. No. 63) is **DENIED as moot**.

However, the Court feels obligated to make a few more observations.   First, to the extent ARL is attempting to seek affirmative relief in its response (Doc. No. 68) with respect to barring Wilshire's counsel from conducting the corporate representative deposition, *see* Doc. No. 68, that request is **DENIED**.   Not only does ARL fail to provide any legal authority for this request, nor does it appear that such an objection is appropriate under Rule 45, but "[i]t [also] is not appropriate to seek an order for affirmative relief in a response to a motion."   *Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009).

Second, it is clear from the motion, supplemental briefing, response, and now-stricken unauthorized reply, *see* Doc. Nos. 69–70, that the parties — in particular their counsel — are not engaging in professional, civil, and cooperative litigation, which has resulted in a waste of judicial resources.   The Court is dismayed by counsel's behavior in this case to date.   *See, e.g.* Doc. No. 65-1.   The Court fully expects the deposition scheduled for October 31, 2024 to go forward

---

[2] Bates has not filed a response to Wilshire's motion or supplemental briefing.

without issue, or if that date no longer is feasible, that the parties will work expeditiously to reschedule the deposition for a mutually agreeable date prior to the November 15, 2024 discovery deadline.   The Court further expects all counsel to behave in a professional, courteous, and cooperative manner as befits counsel who are licensed to practice before the Middle District of Florida.

     **DONE** and **ORDERED** in Orlando, Florida on October 30, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties